BENJAMIN PETTEE *vs.* ALFRED CASE & wife.

After entry for breach of condition of a mortgage of real estate, duly certified and recorded, and the lapse of three years, the mortgagor, in defence of a writ of entry to recover possession of the estate, may show by parol evidence that there has been no breach of condition.

WRIT OF ENTRY. Plea, soil and freehold in the tenants. The parties stated the following case :

The demandant relies upon a deed of mortgage from the tenants, duly recorded on the same day, the condition of which was that the mortgagees should be supported for life ; upon an entry upon the premises, under the mortgage, for breach of condition, and a certificate, duly made and recorded, that the mortgagees " made open and peaceable entry upon the premises described in the within mortgage, for breach of the condition of the same, and for the purpose of foreclosing said mortgage, and that he was not opposed by the mortgagor or any other person claiming the premises ; " and upon a deed of the premises from the mortgagor to the demandant, more than three years afterwards.

" If, upon this state of the title, the tenants are entitled to show by parol that there was no breach of the condition of said mortgage at the time said entry was made, and such facts would be a defence to the suit, the case is to stand for trial ; or if this fact alone should not be a defence, if the additional fact that the demandant took his deed with a knowledge that there was no breach of the mortgage, would be a defence, then the case is to stand for trial ; otherwise, judgment for the demandant, with leave to the tenant to file a claim for improvements."

*B. Sanford*, for the demandant. The record of the certificate was notice to the mortgagor of a claim of breach of con-

dition by the mortgagee, and of entry to foreclose. His subsequent possession was the possession of the mortgagee, and after the lapse of three years the mortgagee's estate became absolute. Rev. Sts. *c.* 107, § 2. *Bennett* v. *Conant,* 10 Cush. 167. *Smith* v. *Johns,* 3 Gray, 520. *Page* v. *Robinson,* 10 Cush. 99. *Swift* v. *Mendell,* 8 Cush. 358. *Hadley* v. *Houghton,* 7 Pick. 29. In the absence of adverse possession by the mortgagor, or interruption of the mortgagee's possession, the mortgagor, after three years' silence with notice that the mortgagee claimed to hold for condition broken, cannot deny that the condition had been broken. *Bennett* v. *Conant,* 10 Cush. 166. *Oakham* v. *Rutland,* 4 Cush. 172. Rev. Sts. *c.* 107, § 1.

*E. H. Bennett,* for the tenants, cited *Wales* v. *Mellen,* 1 Gray, 512; *Dearborn* v. *Dearborn,* 9 N. H. 117; Rev. Sts. *c.* 107, §§ 6, 13; Prov. St. 10 W. 3 (1698) § 2, Anc. Chart. 325; *St.* 1798. *c.* 77, § 1.

METCALF, J.* The parties have agreed that this action shall stand for trial if the tenants are entitled to show by parol evidence that there had been no breach of condition of the mortgage when entry was made for an alleged breach of it. And the court have no doubt that they are so entitled. It is only " after breach of the condition of a mortgage," that a mortgagee or his assignee can make an open and peaceable entry on the mortgaged premises for the purpose of foreclosure, and, after recording a certificate of such entry, effect a foreclosure by keeping possession peaceably for three years. Rev. Sts. *c.* 107, §§ 1 2, 7. A record of such certificate is prerequisite to a foreclosure but is not conclusive evidence that the mortgagee had a legal right thus to enter. *Case to stand for trial.*

* This and the following cases for this term were argued at Boston in January 1859 before SHAW, C. J., DEWEY, METCALF and BIGELOW, JJ.